John Schlabach
PO Box 362
Mead Washington 99021
509-232-6608

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
OCT 05 2009
JAMES R. LARSEN, CLERK
DEPUTY
SPOKANE, WASHINGTON

**UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| United States,<br>Petitioner,<br>vs.<br>John Schlabach,<br>Respondent | Case No.: CV-08-095-FVS<br><br>Respondent's Response to United States' second Status Report and Request for Hearing<br><br>Motion for sanctions pursuant to Rule 11 FRCP |

On April 21, 2009, the United States filed a motion to hold Respondent Schlabach in contempt of court for failure to comply with this Court's order directing him to appear before the IRS pursuant to a summons. Schlabach contends that he has complied with this Court's order by appearing at the summons hearing, answering all IRS agent Lopez's questions to the best of his ability, and by providing all documents in his possession relative to said summons.

The United States filed a Status Report with this Court on July 13, 2009. Schlabach replied by filing his own Status Report because the U.S.'s report had skewed the facts in a

manner which gave the erroneous appearance that Schlabach had not fully complied with this Court's order.

On July 23, 2009 Schlabach sent opposing counsel a letter, attached hereto as Exhibit A, wherein he attempted to resolve any remaining issues relative to the summons. To date opposing counsel has never addressed this letter and instead apparently filed a second Status Report[1] on or about September 14, 2009, alleging that Schlabach has failed to comply with this Court's order and is therefore still in contempt.

Opposing counsel contends in its second Status Report that Schlabach has failed to provide the following information to Revenue Agent Lopez. However, this is not true, and Schlabach now presents to this Court his answers which were already given to opposing counsel and to agent Lopez at the summons hearing[2]:

1) Schlabach's sources of income from 2000 to present:
**Answer:** Schlabach has demanded that the IRS provide a signed document guaranteeing him that this information will not be used as a starting point in a criminal investigation against him.[3] To date, the IRS has not provided such a document and therefore Schlabach stands on his Constitutionally protected Fifth Amendment right regarding this information. Opposing counsel Roessner was present at the summons hearing and even verbally

---

1 It should be noted that Schlabach never received service of this Second Notice and moves this Court to strike that document for failure to comply with Rule 4 FRCP.

2 These facts are also testified to in the attached Affidavit of John J. Schlabach, attached hereto as Exhibit B.

3 This was in response to agent Lopez's verbal assurance that this information would not become a link in a chain of evidence that could be used in a criminal prosecution against Schlabach.

acknowledged that Schlabach had validly exercised his Fifth Amendment right in this matter. Schlabach should not be held in contempt for the exercise of his Constitutionally protected rights.

2) All of Schlabach's bank, brokerage, financial or any other financial account information from 2000 to the present:
**Answer**: Schlabach makes the claim that this information is outside the scope of the original summons and not relevant to the alleged "tax shelter" program the IRS agent is investigating. Schlabach has said he will provide this information contingent on 2 conditions: (1) The IRS inform Schlabach how this information is relevant so he may make a determination as to whether providing that information might be used as a link in the chain of evidence that could be used in a criminal prosecution against him; (2) That if Schlabach decides to give this information, that by providing this information the summons is deemed "fully complied with." The U.S. also asks for brokerage and other financial records and the Court needs to know there is no other financial information nor any brokerage accounts and this fact was testified to at the summons hearing. Schlabach should not be held in contempt for failing to provide information that does not exist, nor for exercising his Constitutionally protected Fifth Amendment right.

3) All the bank, brokerage, financial or any other financial account information from
2000 to the present for trusts, which Schlabach served as trustee.
**Answer**: Schlabach has already testified that he has no such financial accounting information and opposing counsel is aware of this. Schlabach should not be held in contempt for failing to provide information that does not exist.

4) All unprivileged documents that Schlabach provided to his attorney, which are responsive to the IRS administrative summons:
**Answer**: Aside from being over-broad and vague, this request has been satisfied, as all documents relative to this summons have already been provided to the IRS. Schlabach should not be held in contempt for failing to provide documents that do not exist or those which he has already provided.

5) A list individuals that Schlabach assisted in creating any form of trust:
**Answer**: Schlabach has already testified at the summons hearing that no such list exists. Schlabach should not be held in

contempt for failing to provide a list that does not exist. Schlabach cannot create a list of individuals because he has no records of any such alleged assistance.

6) A list of all trusts that Schlabach served a trustee, with the corresponding identification of the individual that created the trust, and the beneficiary:
**Answer**: Schlabach has already testified at the summons hearing that no such list exists. Schlabach should not be held in contempt for failing to provide a list that does not exist. Further, Schlabach has no information with which he could formulate such a list.

7) Names of all persons for whom Schlabach provided tax preparation services or advice, including but not limited to purchases of any tax shelter or arrangement to reduce tax liabilities:
**Answer**: Schlabach has already testified at the summons hearing that no such list of names exists. Further, Schlabach has testified that he has not sold any tax shelters.[4] Schlabach should not be held in contempt for failing to provide information that does not exist, and has no information with which he could formulate such a list.

8) Copies of all tax returns that Schlabach prepared:
**Answer**: Schlabach has already testified at the summons hearing that he is not a tax preparer and has no such records. Schlabach should not be held in contempt for failing to provide information that does not exist and for which he is not required to have.

**Summary**:

Schlabach has fully complied with the summons and this Court's order of June 17, 2008. The IRS has failed to provide the necessary documents in order to protect Schlabach's rights,

4 The U.S. is asking for "Names of persons for whom Schlabach provided … purchases of any tax shelter or *arrangement* to reduce tax liabilities." Schlabach has testified that he has not sold any tax shelters and is unclear what an "arrangement" means but denies selling anything to allegedly reduce any tax liabilities.

which he has properly demanded and in a timely manner. The U.S. continues to request information which does not exist, and is fully aware this information does not exist by testimony given at the summons hearing and by way of affidavit.

The U.S. has failed to respond to Schlabach's letter, failed to serve him copies of its second Status Report as required under Rule 4 FRCP, badgered him for information which it knows does not exist, and is now attempting to utilize this Court's order to violate his Fifth Amendment right.

Schlabach has discovered that IRS agent Lopez is using forged and fraudulent documents to assert her theory of a tax shelter program. This fact was made known to agent Lopez and to attorney Roessner at the summons hearing.

Schlabach demanded that these fraudulent documents be destroyed but Lopez and Roessner refused to comply, even after acknowledging that they were clearly forgeries. Schlabach has now utilized the Privacy Act (5 U.S.C. Section 552a) to expunge these fraudulent documents from his records as they have caused him an enormous amount of stress and frustration.

It is for the above reasons that Schlabach requests a hearing on this matter so that all the facts may be properly presented to the Court. Schlabach will summons agent Lopez and attorney Roessner, who were both present at the summons hearing,

to testify and provide evidence in their possession that Schlabach has fully complied with this Court's order.

Schlabach has appeared, spent over three and one half hours (without a break) answering all of agent Lopez's questions to the best of his ability, provided all documents in his possession relative to this summons, and attempted to resolve any remaining issues - without receiving any response from opposing counsel.

For the above reasons Schlabach should not be held in contempt of this Court's order of June 17, 2008 and asks that the United States' Motion to Hold John J. Schlabach in Contempt be purged. Further, Schlabach asks this Court to impose sanctions against opposing counsel pursuant to Rule 11 FRCP for the following reasons, and as specified:

1) The continued requests for documents and information opposing counsel knows, or should know, do not exist is burdensome and Schlabach asks that a fine of $500.00 be imposed against the U.S. for each document or request that has been asked for and already answered. Clearly, these repeated requests indicate that the U.S. is completely ignoring the three and one half hours of testimony Schlabach gave at the summons hearing and wasting his time and taxpayer's money by asking the same questions over and over again;

2) Opposing counsel failed to serve Schlabach with the second Status Report as required by Rule 4 FRCP[5]. Whether this failure to serve was a simple oversight or not, the impact on Schlabach of possibly being held in contempt of court, with the associated fines, without his being notified of this impending action, or the ability to provide a timely response, is so severe that the second Status Report should be stricken from the record and the United States' Motion for Contempt should be purged;

3) Opposing counsel has a duty to protect the integrity of evidence used in this civil matter and, once he was made aware of the fraudulent nature of the documents IRS agent Lopez was using in her investigating, it was incumbent upon him ensure this false evidence was not used any further. Counsel has not brought this to the courts attention in any manner and intends on hiding this criminal act from this court. However, it is clear from the list of information Schlabach has allegedly failed to provide to agent Lopez outlined in the second Status Report, the IRS is still relying on this falsified, fraudulent documentation to promote their theory of a "tax shelter program." Schlabach asks this Court to deny opposing counsel's motion for contempt and strike the second Status Report from the record.

WHEREFORE Schlabach requests this court act in a fair and impartial manner and allow Schlabach a hearing or bring this

---

5 Schlabach discovered this second Status Report only recently after receiving the court order directing the magistrate for a report and recommendation. Schlabach then went on the courts website and got the docket sheet and downloaded the status report. Schlabach immediately called the court and asked for a hearing.

injustice to an end by finding that Schlabach did comply with its order and dismiss any further action in this case with prejudice. Further that this court consider sanctions as outlined above.

Respectfully submitted this 5 day of October 2009 by;

John Schlabach

**CERTIFICATE OF SERVICE**

I, John J Schlabach, do hereby certify and declare under penalties of perjury, under the laws of the United States of America, that a true and correct copy of the foregoing Respondent's Response to United States' second Status Report and Request for Hearing and Motion for sanctions pursuant to Rule 11 FRCP, was served the parties BY sending a copy VIA first class mall or by courier to the following persons at the addresses listed below:

U.S. Department of Justice
Michael Roessner
P. O. Box 7238, Ben Franklin Station
Washington, D.C. 20044

John J Schlabach

John Schlabach
Box 362
Mead Washington 99021
509-232-6608

July 22, 2009

U.S. Department of Justice
Attn: Michael Roessner
P. O. Box 7238, Ben Franklin Station
Washington, D.C. 20044

Mr. Roessner;

I received your letter and I do not agree with you as follows;

1. The items you have noted as 1 and 2 have already been answered and it seems you simply do not agree with my answers. I reiterate that I asked Lopez if my answers to her questions could form the starting point of a criminal investigation against me, and she said "no." When I asked her to put that in writing she refused. I then informed her that I would not answer unless her response was in writing. I have read many cases where the courts have ruled that a person relying on an agent's word does so at their own peril. Your demands are just repackaging of the same questions Lopez already asked and which have already been answered.
2. As to the bank statements and the other demands at number 3 I have a bank account and will discuss that further on in this letter.
3. Items 4 through 9 are just another way of asking for something that you already have an answer for. The court ordered that I appear and I have complied with that order. You already know that I have no such documents responsive to these demands as you were present at the summons meeting. Repeatedly asking for these nonexistent documents, especially when you have been informed that they do not exist, is harassment and burdensome on me.

I objected to your demand for bank records as I do not believe they have any relevance to this case because, as your agent testified by declaration, she is investigating a "possible tax shelter." Now, by this demand for bank records, she is enlarging the scope of the summons to include personal information.

The gist of this is that I am gathering the bank records and will send them to you when you send me a letter

stating that in doing so I have fully complied with the court's order. In the event you do not send me such a letter I will move the court for a protective order based on the facts that you are simply burdening me with repeated and irrelevant requests which have nothing whatsoever to do with the original summons. I will request an order from the court that I have complied with the summons and you are acting in bad faith. If we go to court I will be summons Lopez and yourself to testify as to what occurred at the summons hearing and all Lopez's notes and records she had at the hearing will be subpoenaed.

As I have stated all along, I have no tax shelter program, nor do I promote any tax shelter programs. The basis for Ms. Lopez's summons was a forged letter - which you, and she, admitted was a forgery - and a civil action which I have been dismissed from. I have complied with the court's order and provided you with sufficient and complete answers. No amount of asking for nonexistent documents and/or lists will provide a basis for Ms. Lopez's fictitious theory of a tax shelter program.

I want this summons over with as soon as possible so I can get on with my life. I feel that I have been targeted, discriminated against and harassed as a result of the IRS maintaining false records relative to me.

Please let me hear from you within 14 days of receiving this letter. You can call, fax or send a letter.

Regards,

John Schlabach.

**Exhibit A**

Case No. CV-08-095-FVS

AFFIDAVIT OF
John J Schlabach

State of Washington )
) ss Affidavit of John J Schlabach
County of Spokane )

That I am over the age of 18, having first hand knowledge of these facts, and am competent to testify, state as follows:

1. Affiant has already testified to the facts and information requested by the RS at the summons hearing and testifies herein again.

2. Affiant appeared before IRS agent Lopez on June 24, 2009 as ordered by this court.

3. Affiant was to testify relative to an alleged possible tax shelter.

4. Affiant sat through 31/2 hours of questions with agent Lopez and counsel Roessner being preset.

5. To the question of income and employment for the years 2000 through 2008 Affiant has remained silent as provided by the 5th amendment to the constitution of the United States of America on all questions that the government stated affiant refused to answer.

6. Affiant believes this action of agent Lopez is actually a criminal investigation and affiant is fearful of testifying against himself as the IRS has already gotten an order enforcement a summons using forged and fraudulent information.

7. Affiant request in writing that the information answered to would not be used in a criminal investigation and to date no such document has been presented proving that the intent is for a criminal investigation. Affiant believes that if it was not the document would be provided without hesitation.

8. Affiant has the right to remain silent in fear of a criminal investigation or allegations unless there is immunity given and none has been given.

9. Affiant has been asked for document to support Lopez's investigation and Affiant has testified and does so again that no such document(s) exist.

10. The documents requested or noted in counsels latest filing of September 14 and titled as a status report do not exist and affiant does not have any such document or lists other then affiants bank statements.

11. Affiant insists on a judicial determination as to how affiants personal bank records are relevant to a possible tax shelter that does not exist.

12. Affiant was told at the summons hearing by counsel Roessner that silent had claimed his right to remain silent and that affiant had that right.

13. Unless affiant is given a document that anything he says will not be used in a criminal investigation silent has nothing to say to and further questions.

14. Affiant has made every effort to cooperate with the courts order and still is being harassed and badgered for things that affiant does not have.

Affiant does not waive any of affiants' constitutional guaranteed rights, as protected in the Constitution of the United States of America, in this proceeding or any other proceeding.

Dated the 5 day of October 2009 and varied true, under penalty of perjury, to the best of my knowledge and belief.

John J Schlabach

**Notary Public**

Subscribed to by John J Schlabach on this the 5 day of October 2009, before me, the undersigned Notary Public.

WITNESS my hand and official seal.

SEAL:

Notary Public
State of Washington
CHAD R. SOLBERG
MY COMMISSION EXPIRES
August 1, 2010

Notary Public

I reside in the county of: Spokane
My commission expires: 08/01/2010

Exhibit B