ORIGINAL

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

OCT 2 1 2009

JAMES R. LARSEN, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

John Schlabach
PO Box 362
Mead Washington 99021
509-232-6608

# UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| United States, | Case No.: CV-08-095-FVS |
| Petitioner, | Respondent's Reply to United States' Opposition to Respondent's Rule 11 Motion |
| vs. | |
| John Schlabach, | |
| Respondent | |

Respondent herein responds to the US opposition to respondents rule 11 motion and provides clarification of facts.

## STATEMENT OF THE CASE

IRS Agent Lopez claims that she is conducting an investigation into a possible tax shelter program allegedly promoted by Respondent, Schlabach. Schlabach has continually denied that he has ever promoted any tax shelter program.

In an attempt to collect some evidence to prove her theory, Lopez issued an administrative summons to Schlabach. After

Schlabach made several objections, this Court finally ruled that Schlabach must appear before Lopez and give testimony regarding this alleged tax shelter program.  Schlabach fully complied with the Court's order on June 24, 2009, by appearing before Lopez and answering questions for over three and one half hours. Schlabach provided Lopez with all the documents he has/had pursuant to the summons.

Lopez's questions at the summons hearing were not focused on any alleged tax shelter program but instead on Capital Holdings, which was nothing but a scam business put together to operate a Ponzi scheme used to cheat "investors."  Capital Holdings was not a tax shelter program.  Schlabach had nothing whatsoever to do with this scam and this fact has been testified to, and has been adjudicated in federal court.

After realizing that there was no evidence to support Lopez's theory, the United States now claims that Schlabach failed to comply with the summons listing eight (8) items in its second Status Report dated September 14, 2009, which Schlabach has allegedly failed to provide.  Further, the United States failed to serve Schlabach with this second Status Report and has ignored Schlabach's attempts to resolve any remaining issues by failing to respond to Schlabach's letter attached as part of Schlabach's Status Report.

The truth of the matter is that Schlabach has no documents responsive to a "tax shelter program" because there is no such program; therefore it stands to reason that he would be unable to provide any documents that support this allegation.

In its Memorandum in Opposition to Respondent's Rule 11 Motion, the United States continues in its attempts to mislead this Court by claiming that Schlabach "[f]ailed to produce any documents in response to the administrative summons." By way of Affidavit, Schlabach has testified that he has produced all the documents he has relative to the summons. Simply because he does not have all documents the government believes should exist does not imply a "failure to produce" any such documents. Phrasing Schlabach's compliance in this manner is a direct attempt to prejudice the Court against Schlabach, who wants nothing more than this summons to be completed.

The United States claims "Schlabach also refuses to answer any questions regarding his employment or income from 2000 to the present." Schlabach was never asked about his income from 2000 to the present. Opposing counsel is deliberately attempting to mislead this Court as questions relating to income are not even mentioned in the summons. Additionally, the United States claims "[Schlabach] also failed to provide any of his bank records, or even to identify the bank he uses." Schlabach

was never asked where he banks and the request for personal bank records are not mentioned in the summons.

## EMPLOYMENT HISTORY

Schlabach's Fifth Amendment claim regarding his employment from 2000 to the present was based on his fear that such information might become the starting point in a criminal investigation against him.  It is evident from the record that the IRS has completely invented an "abusive tax shelter program" theory, which Schlabach was allegedly promoting, without any credible evidence to substantiate this theory.  When Lopez told Schlabach that his answers regarding his employment could not be used as a starting point in a criminal investigation against him she refused to put it in writing.  Schlabach does not trust her word alone and has consistently demanded some sort of written acknowledgment from the IRS that his responses to questions regarding employment will not become the starting point in a criminal investigation against him.

Further, the summons and declaration of agent Lopez mentions nothing of employment history or income, and Schlabach contends that these questions are beyond the scope of the summons.  This is further evidence of the "ever expanding scope" of this summons.  Clearly, if the summons is for the purpose of "investigating a possible tax shelter program" as agent Lopez

claims, then Schlabach's work history has nothing whatsoever to do with such an investigation.

## BANK RECORDS

The IRS summons requests, at item 7, information regarding "All documents for your financial accounts including but not limited to bank statements, ..."  Schlabach contents that this is not  requesting "personal banking information."

The term *Financial Accounting* is defined as a "Field of accounting that treats money as a means of measuring economic performance in stead of (as in cost accounting) as a factor of production.  It encompasses the entire system of monitoring and control of money as it flows in and out of the firm as assets and liabilities, and revenues and expenses." BusinessDictionary.com.  Black's law dictionary defines *financial* as "Fiscal. Relating to finances." And *accounting* as; "An act or a system of making up or settling accounts, consisting of a statement or account with debits and credits arising from relationship of parties."  These definitions are consistent with the summons as agent Lopez is asking for accounting records of entities that Schlabach has already testified do not even exist.

Schlabach does not intend to, by assumption, expand the scope of the summons to include items not specifically

requested.  Further, Schlabach contends that if the summons was requesting personal banking information it would have stated "personal banking information" not a term more appropriately associated with a firm, organization or trust.  Schlabach therefore contends that his personal bank information is beyond the scope of the summons and supporting declaration of agent Lopez.

There is simply no basis for Lopez requesting Schlabach's personal banking information as Lopez's declaration claims that she is investigating a "possible tax shelter program" and the Court's order required Schlabach to appear and testify in regard to this alleged tax shelter program – which he did.

## FURTHER TWISTING THE FACTS

At the summons hearing Schlabach was asked about documents relating to Capital Holdings.  His response was that he provided everything he had to the *government's attorney* handling the forfeiture action of that case.  Schlabach also testified that after the forfeiture was over any documents he had were destroyed as they were no longer needed.   Now, opposing counsel makes the wild assertion that Schlabach had documents which he gave to a private attorney and demands the name of this attorney.

This is yet another example of how the United States has twisted facts, or possibly just not paid attention to what Schlabach has testified to. Either way, this shows how nearly everything Schlabach testifies to is twisted around by the United States to become some sort of conspiratorial, clandestine attempt to evade providing documents or information.

Schlabach has testified to this court, to the agent, and to opposing counsel that he has no such documents as requested, all to no avail. Schlabach also testified that the documents relative to Capital Holdings, which was not a tax shelter, have been given to the government. This is yet another reason Rule 11 sanctions are applicable in this case.

## SANCTIONS ARE APPROPRIATE IN THIS CASE

The fact that the government is now only arguing the point of employment, personal bank records and now this erroneous conclusion that some documents were given to a private attorney, demonstrates that the other items mentioned in the motion for contempt have been satisfied and continual requests are sanctionable.

Opposing counsel never attempted to correct the failure to serve its second Status Report pursuant to Rule 4, FRCP. Contending that Schlabach did not follow the rules pursuant to his Rule 11 motion, opposing counsel continues to ignore the

requirements of service.  The safe harbor rule is satisfied since it has been 21 days since opposing counsel was notified of this defect in service yet he has never attempted to correct this error.  Further, opposing counsel was made aware of the forged and fraudulent document used as the basis for Lopez's summons yet this has not been addressed in any of the United States responses.  This fraudulent document should be stricken from the record.  Opposing counsel has done nothing to remove this fraudulent document and continues to rely upon it.  This fraud continues to mislead this Court, which is sanctionable.

That fact that opposing counsel assisted Lopez in preparing the summon's attachments makes him aware of its content, and no employment history was ever asked for as part of the summons.  No personal bank records were requested in the summons.  No attorney records were requested in the summons.  Yet now these are the topics of his motion for contempt and the objections to the rule 11 sanctions.

Opposing counsel deliberately mislead this honorable Court from the onset and now continues to ask for the same information he knows does not exist, or that which is not part of the summons, supporting declaration of agent Lopez, or this Court's order.

**CONCLUSION**

The United States has mislead this Court from the beginning and now continues to do so by: (1) Introducing and maintaining fraudulent documents in evidence, (2) Requesting information not in the summons and not relevant to the summons or this Court's order, (3) Repeatedly requesting documents known not to exist, (4) Requesting documents which are already in the custody of the government, completely ignoring (or misunderstanding) Schlabach's testimony, (5) Portraying Schlabach's inability to produce documents that do not exist as contemptuous behavior, and (6) Failing to properly serve Schlabach with the second Status Report pursuant to Rule 4, FRCP, and failing to correct this lack of service even after being made aware of it.  Rule 11 sanctions are applicable in this situation.

It is perfectly clear why documents supporting the alleged tax shelter program do not exist and cannot be produced – simply put, there is no tax shelter program, abusive or otherwise. Schlabach has not promoted any such program.

WHEREFORE Schlabach again moves this Court to impose sanctions against opposing counsel, purge any contempt against Schlabach, and rule that the summons has been fully complied with.  In the alternative Schlabach moves that the Court set a date for a hearing where agent Lopez will be made to appear,

1   along with her notes, so that final disposition of this summons

2   may be determined, and for the Court to consider oral arguments

3   relative to imposing sanctions against the United States.

4        That the hearing should be scheduled at a time when all

5   parties are available.

6        Respectfully submitted this _20_ day of October 2009 by;

7

8

9

10  John Schlabach

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

## CERTIFICATE OF SERVICE

1

2   I, John J Schlabach, do hereby certify and declare under
    penalties of perjury, under the laws of the United States of
3   America, that a true and correct copy of the foregoing
    Respondent's Reply to United States' Opposition to
4   Respondent's Rule 11 Motion, was served the parties BY sending
    a copy VIA first class mall or by courier to the following
5   persons at the addresses listed below:

6

    U.S. Department of Justice
7   Michael Roessner
    P. O. Box 7238, Ben Franklin Station
8   Washington, D.C. 20044

9

10

11
    _____
    John J Schlabach
12

13

14

15

16

17

18

19

20

21

22

23

24

25