UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

                Petitioner

        v.

JOHN J. SCHLABACH,

              Respondent.

No. CV-08-095-FVS

ORDER HOLDING JOHN
SCHLABACH IN CONTEMPT OF
COURT

**THIS MATTER** came before the Court on March 5, 2010, based upon
the United States' objection to a recommendation submitted by
Magistrate Judge Cynthia Imbrogno.  The United States was represented
by Michael J. Roessner.  John J. Schlabach represented himself.

**BACKGROUND**

The Internal Revenue Service ("IRS") petitioned for an order
requiring John J. Schlabach to comply with an IRS administrative
summons.[1]  Mr. Schlabach objected.  In essence, there were two parts
to his objection.  For one thing, he argued the Court lacked authority
to enter an order enforcing the summons.  For another thing, he argued
the IRS failed to satisfy the criteria for enforcement of a summons.
*United States v. Powell*, 379 U.S. 48, 57-58, 85 S.Ct. 248, 13 L.Ed.2d
112 (1964).  On June 17, 2008, the Court overruled Mr. Schlabach's
objections and ordered him to comply with the summons.  He refused to

---

[1]A copy is attached to the Declaration of Kate Lopez (Ct.
Rec. 3) as Exhibit "A."

ORDER - 1

meet with an IRS agent.  Consequently, the IRS filed a motion asking the Court to hold him in contempt.  After the IRS filed the motion, but before the Court ruled, Mr. Schlabach agreed to meet with IRS Agent Kate Lopez.  The meeting occurred on June 24, 2009.  It lasted over three hours.  Mr. Schlabach answered some questions, refused to answer other questions, and refused to provide financial records sought by the IRS.  At least to some extent, he asserted his Fifth Amendment privilege against self-incrimination.

After the June 24th meeting, Mr. Schlabach advised the Court he had complied with the summons.  He urged the Court to deny the IRS' contempt motion.  The IRS disagreed with his assessment of the meeting.  In its opinion, he wrongfully refused to provide non-privileged information that is covered by the summons.  Thus, according to the IRS, he remains in violation of the Court's order of June 17, 2008.

The Court referred the dispute to Magistrate Judge Imbrogno for a report and recommendation.  One of her tasks was to determine whether the IRS is seeking information from Mr. Schlabach that is protected by the Fifth Amendment privilege against self-incrimination.  This meant giving him an opportunity to respond to the IRS' questions on the record:

> Only after an invocation of the privilege with respect to a specific question can a reviewing court determine whether a responsive answer might lead to injurious disclosures. [*United States v. Pierce*, 561 F.2d 735, 741 (9th Cir.1977)]; *see also United States v. Bell*, 448 F.2d 40, 42 (9th Cir.1971).  Thus, "[t]he only way the Fifth Amendment can be asserted as to testimony is on a question-by-question basis." *United States v. Bodwell*, 66 F.3d 1000, 1001 (9th Cir.1995).  A taxpayer must "present himself for

ORDER - 2

questioning, and as to each question elect to raise or not
to raise the defense. The District Court may then determine
by considering each question whether, in each instance, the
claim of self-incrimination is well-founded." *Bell*, 448
F.2d at 42.

*United States v. Drollinger*, 80 F.3d 389, 392 (9th Cir.1996).
Magistrate Judge Imbrogno conducted a hearing on January 28, 2010.
During the first phase of the hearing, counsel for the IRS examined
Mr. Schlabach.  She asked over 100 questions.  He provided substantive
answers to very few of them.  Instead, he repeatedly asserted his
Fifth Amendment privilege against self-incrimination.  During the
second phase of the hearing, Magistrate Judge Imbrogno met with Mr.
Schlabach *in camera* and gave him an opportunity to explain his
position more fully.  The record of their *in camera* discussion is
sealed.  After the January 28th hearing, Magistrate Judge submitted a
report.  She recommends the Court deny the IRS' motion to hold Mr.
Schlabach in contempt.  The IRS objects.

On March 5, 2010, the Court held a hearing regarding the IRS'
objections.  The hearing proceeded in phases.  The first phase was a
public phase, during which the parties set forth their competing
positions.  After they had done so, the Court excused counsel for the
IRS and allowed Mr. Schlabach to explain, *in camera* and on the record,
why he fears prosecution if he answers the IRS' questions and provides
the documents it requests.  The record of the *in camera* phase of the
hearing is sealed.

**STANDARD**

The IRS bears the burden of proving Mr. Schlabach is in contempt.
*United States v. Bright*, No. 07-17027, 2010 WL 669260, at *6 (9th Cir.
Feb. 26, 2010).  The IRS must show by clear and convincing evidence he

ORDER - 3

violated the Court's order of June 17, 2008.  *Stone v. San Francisco*, 968 F.2d 850, 856 n.9 (9th Cir.1992).  If the IRS makes such a showing, the burden shifts to Mr. Schlabach to show why he was unable to comply.  *See id.*  This does not mean he has an opportunity to relitigate the validity of the order.  *See United States v. Rylander*, 460 U.S. 752, 756-57, 103 S.Ct. 1548, 75 L.Ed.2d 521 (1983) (citations omitted).  To the contrary, he is bound by its terms.  *See id.*  He must show he performed every reasonable act within his power that was necessary to insure compliance.  *Stone*, 968 F.2d at 856 and n.9.

**RULING**

As explained above, the Court entered an order on June 17, 2008, enforcing the summons the IRS served upon Mr. Schlabach.  Despite the order, he has not provided any records to the IRS.  Furthermore, at the hearing on January 28, 2010, he provided substantive answers to very few of the questions posed by the IRS' attorney.  In view of the preceding circumstances, the IRS has made a prima facie showing he is in violation of the enforcement order.  Thus, it is his responsibility to justify his conduct by demonstrating he has taken every reasonable step that is necessary to comply.  In that regard, he makes essentially three arguments:  the IRS has abandoned most of the requests for information that are set forth in the summons; he would incriminate himself if he provides the information requested by the IRS; and he is presently unable to produce some of the documents sought by the IRS.

A. Abandonment

Mr. Schlabach cites the "United States' Memorandum in Opposition to Respondent's Renewed Rule 11 Motion" (Ct. Rec. 92) for the proposition that the IRS has abandoned most of the requests for

ORDER - 4

information that are contained in the summons.  According to Mr. Schlabach, only three requests remained as of January 28th:  one was for his bank records; a second was for a list of his past and present employers; and a third was for documents he allegedly provided to an attorney.  He maintains the purpose of the January 28th hearing was to determine whether he has supplied the three categories of information described above.  Instead of focusing on those categories, says Mr. Schlabach, counsel for the IRS questioned him about different categories of information.  He maintains the subjects about which he was questioned at the January 28th hearing are not relevant with respect to whether he has complied with the IRS' summons.  Mr. Schlabach is mistaken.  None of the IRS' memoranda indicate the IRS has intentionally relinquished any of the requests that are contained in the summons.  Thus, Mr. Schlabach must disclose all of the information listed in the summons unless he is presently unable to provide it or he is entitled to assert his Fifth Amendment privilege against self-incrimination.  *See Rylander*, 460 U.S. at 757, 103 S.Ct. 1548 (present inability); *Drollinger*, 80 F.3d at 392-93 (privilege).

B. Privilege

    *1. waiver*

    The threshold issue is whether Mr. Schlabach waived his privilege against self incrimination by failing to assert it prior to the date upon which the Court entered the enforcement order.  *Cf. Rylander*, 460 U.S. at 757, 103 S.Ct. 1548) ("a contempt proceeding does not open to reconsideration the legal or factual basis of the order alleged to have been disobeyed" (quoting *Maggio v. Zeitz*, 333 U.S. 56, 69, 68 S.Ct. 401, 92 L.Ed. 476 (1948)); *Bright*, 2010 WL 669260, at *6 ("When defending against a finding of contempt after an adversary enforcement

ORDER - 5

proceeding, a taxpayer cannot relitigate the Fifth Amendment privilege or lack of custody or control.").  Although Mr. Schlabach did not assert the privilege before the enforcement order was entered, he did assert it during his meeting with Agent Lopez on June 24, 2009.  Their meeting was the first time he was questioned by an IRS agent pursuant to the summons.  Since he asserted the privilege when he was first questioned, he may assert it now.  *See Drollinger*, 80 F.3d at 392 ("Because Drollinger did not have an earlier opportunity to answer specific questions, he was entitled to raise and litigate his Fifth Amendment claim when those questions were finally asked during the purgation proceedings.").

   *2. refusing to answer questions at the hearing*

   Mr. Schlabach argues virtually all of the questions posed at the January 28th hearing sought privileged information.  Nevertheless, he is particularly concerned about questions 26, 29, 55, 56, 74, and 80. (Respondent's Reply at 5.)  He appears to be referring to the list of questions contained on pages 5-8 of the United States' Objection (Ct. Rec. 102).  However, there is a problem:  The list in the IRS' memorandum does not correspond exactly with the questions that were posed during the January 28th hearing.  For example, the United States' Objection states in part:

   25. Were you the trustee any [sic] of the [Capital Holdings'] trusts?
   26. Did you report the earning from those trusts on your tax return?

(United States' Objection (Ct. Rec. 102) at 6.)  The actual exchange between the IRS's attorney and Mr. Schlabach was as follows:

   Ms. McCormally:  "Sir, we believe that you were the trustee for a number of trusts for Capital Holdings . . . .  So, my

ORDER - 6

question is:  Were you a trustee on any of those trusts?"
.  .  .  .
Mr. Schlabach:  I'm going to assert my right to remain
silent.
.  .  .  .
Ms. McCormally:  Did you report earnings from trusts that
you created or held in the Capital Holdings environment or
business on your tax return?  Did you report earnings from
those trusts on your tax return?
Mr. Schlabach:  I'm going to invoke my right to remain
silent.

(Transcript of January 28, 2010, hearing (Ct. Rec. 94) at 23-24.)

     In order to understand the dispute between the parties, one must
understand what they mean by "Capital Holdings."  It is an indirect
reference to events that gave rise, some years ago, to a federal
prosecution in the District of Colorado.  The indictment was filed
during 2004 or 2005.  It charged a number of individuals, but not Mr.
Schlabach, with the crimes of mail fraud, wire fraud, and securities
fraud in connection with an investment scheme.  Mr. Schlabach was
aware of the "Capital Holdings" case as it unfolded; and it was while
the case was unfolding that Agent Lopez served him with the summons at
issue here.

     As the above-quoted exchange indicates, the IRS wants to probe
Mr. Schlabach's involvement in "trusts" that were associated with the
Capital Holdings case.  But that's not the only activity the IRS is
concerned about.  The IRS also wants to probe his involvement, if any,
in a tax shelter that the parties refer to as an "Unincorporated
Business Organization Trust" or "UBO":

Ms. McCormally:  During what years did you prepare UBOs?
Mr. Schlabach:  I don't prepare UBOs.  Never have.  What's a
UBO?
.  .  .  .

ORDER - 7

> Ms. McCormally:  During what time period were you involved
> in any way with UBOs?
> Mr. Schlabach:  . . .  "I'm going to invoke my right to
> remain silent, and I'll offer -- provide my offer of proof
> *in camera*, your Honor.

(Transcript of January 28th hearing at 13-14.)

Mr. Schlabach genuinely fears the IRS is using the summons to obtain information that will serve as the basis of a criminal prosecution:  perhaps a spin-off of the Capital Holdings case; perhaps something else.  He may be correct; but the fact the IRS suspects a taxpayer engaged in criminal activity does not necessarily prevent the IRS from issuing an administrative summons in order to investigate its suspicions.  To the contrary, the "'IRS may issue a summons for a solely criminal purpose as long as the case has not been referred to the Department of Justice for criminal prosecution or grand jury investigation.'"  *United States v. Norwood*, 420 F.3d 888, 894 (8th Cir.2005) (quoting *United States v. Claes*, 747 F.2d 491, 496 (8th Cir.1984)).  Nevertheless, while an IRS agent may serve a summons and seek its enforcement, the summonee may refuse to provide information if doing so would infringe his Fifth Amendment right against self-incrimination.  *See, e.g., United States v. Lawn Builders of New England*, Inc., 856 F.2d 388, 393 (1st Cir.1988) ("a valid invocation of a Fifth Amendment privilege may relieve the summonee from answering questions").  However, the summonee must demonstrate the disputed information is privileged.  The issue is whether "there are substantial hazards of self-incrimination that are real and appreciable, not merely imaginary and unsubstantial, that information sought in an IRS summons might be used to establish criminal liability."  *Bright*, 2010 WL 669260, at *3 (internal punctuation and

ORDER - 8

citations omitted).

The IRS contends Mr. Schlabach's fear of prosecution is too conjectural to justify his refusal to answer the questions posed to him during the January 28th hearing.  In support of its contention, the IRS has submitted a letter from an Assistant United States Attorney indicating the Capital Holdings case is closed except for appeals and collateral attacks, and his office "is not participating in any ongoing investigation related to this case."  (Letter of Matthew T. Kirsch dated February 11, 2010, at 1.)  In addition, the IRS points out the statue of limitations for non-capital federal crimes is five years.  18 U.S.C. § 3282(a).  The Capital Holdings defendants were first indicted during 2004 or 2005.  The IRS argues the statute of limitations has expired with respect to any acts Mr. Schlabach may have committed in connection with that case; which is significant because "the Fifth Amendment's privilege against self-incrimination does not apply after the relevant limitations period has expired." *Stogner v. California*, 539 U.S. 607, 620, 123 S.Ct. 2446, 156 L.Ed.2d 544 (2003) (citing *Brown v. Walker*, 161 U.S. 591, 597-98, 16 S.Ct. 644, 40 L.Ed. 819 (1896)).

The questions the IRS' attorney asked at the January 28th hearing are a matter of record.  It was those questions Mr. Schlabach had to evaluate as they were asked.  The IRS' attorney had great latitude in deciding what questions to ask Mr. Schlabach.  She could have limited her questions to events for which the statute of limitations has expired.  She did not always do so.  Mr. Schlabach reasonably could have feared that if he fully answered her questions concerning the Capital Holdings case and UBOs, he would "'furnish a link in the chain of evidence needed to prosecute [him] for a federal crime.'" *United*

ORDER - 9

*States v. Rendahl*, 746 F.2d 553, 555 (9th Cir.1984) (quoting *Hoffman v. United States*, 341 U.S. 479, 486, 71 S.Ct. 814, 95 L.Ed. 1118 (1951)). As a result, he was not required to answer the questions she asked about those two subjects. Questions about other subjects are a different matter. For example, the IRS' attorney attempted to ascertain Mr. Schlabach's employment history. He refused to answer her questions. (Transcript of January 28th hearing at 11-13.) His refusal to answer employment-related questions was unjustified because he has failed to demonstrate the information she sought was incriminating. The same is true of a number of his other refusals to answer questions. He should have answered, to the best of his ability, those questions that correspond to questions 1-3, 7-9, 17-19, 28, 33-39, 77, and 79 in the list set forth in the United States' Objection.

*3. financial records*

The IRS seeks Mr. Schlabach's financial records from January 1, 2001, to the present. A request for production of records may raise two analytically distinct Fifth Amendment issues. One is whether the act of producing the records is incriminating. Another is whether the contents of the records are incriminating. *United States v. Hubbell*, 530 U.S. 27, 36-7, 120 S.Ct. 2037, 147 L.Ed.2d 24 (2000). Mr. Schlabach does not claim the act of producing his financial records is incriminating. Rather, he focuses upon the contents of his financial records. The Court has reviewed the documents Mr. Schlabach submitted for *in camera* review. No doubt he is sincerely reluctant to disclose the documents he submitted. Be that as it may, any link between the records he submitted and criminal prosecution is too attenuated to justify his invocation of the privilege against self-incrimination.

ORDER - 10

C. Present Inability

The IRS wants Mr. Schlabach to disclose any records he has pertaining to Unincorporated Business Organization Trusts.  Mr. Schlabach claims he did not prepare UBOs and, thus, he has no records pertaining to UBOs.  (Respondent's Reply at 5.)  In other words, he claims he has a present inability to provide some of the records the IRS seeks.  *Bright*, 2010 WL 669260, at *7 ("Once the government has established a prima facie case of contempt, a taxpayer may avoid sanctions by demonstrating a present inability to comply with the enforcement order." (citing *Drollinger*, 80 F.3d at 393)).  The IRS is not required to accept his assertions at face value.  After all, he admits he destroyed records.  (Respondent's Reply (Ct. Rec. 106) at 4.)  Indeed, the IRS had an opportunity at the January 28th hearing to test his assertions by asking questions that did not seek privileged information, *i.e.*, questions that focused on activities that are now outside the statute of limitations.  The IRS did not avail itself of the opportunity.

**IT IS HEREBY ORDERED:**

The "United States' Motion to Hold John J. Schlabach in Contempt" (**Ct. Rec. 50**) is granted in part.  Within 20 days of entry of this order, he shall appear before an IRS agent and

1. answer questions 1-3, 7-9, 17-19, 28, 33-39, 77, and 79 in the list set forth in the United States' Objection; and

2. provide copies of those of his bank records that are covered by the IRS' administrative summons.

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this order and furnish copies to Mr. Schlabach and

to counsel for the United States.

**DATED** this ___24th___ day of March, 2010.

                    ___s/ Fred Van Sickle___
                        Fred Van Sickle
              Senior United States District Judge

ORDER - 12